IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GAIL LYNN CRABBE,<br><br>Plaintiff,<br><br>v.<br><br>DARLENE NAKAYAMA,<br>PALOLO CHINESE HOME,<br><br>Defendants. | Case No. 18-cv-00418-DKW-KJM<br><br>**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; (2) DENYING MOTION TO RECONSIDER APPOINTMENT OF COUNSEL; AND (3) GRANTING MOTION TO CONSIDER ATTACHED EXHIBIT.**[1] |

On October 30, 2018, Plaintiff Gail Lynn Crabbe, proceeding pro se, filed a Complaint against Palolo Chinese Home (Palolo) as well as numerous individuals who appeared to be past or present employees and/or members of the board of directors of Palolo ("the original individual defendants"). Dkt. No. 1. Crabbe also filed an application to proceed *in forma pauperis* ("IFP Application") and an amended motion for appointment of counsel. Dkt. Nos. 2, 8.

On November 14, 2018, this Court granted the IFP Application, denied the amended motion for appointment of counsel, and dismissed the Complaint ("the November 14, 2018 Order"). Dkt. No. 10. More specifically, the Court (1)

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

dismissed with prejudice all claims against the original individual defendants brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA); (2) dismissed without prejudice all claims against Palolo under Title VII, the ADEA, the Family and Medical Leave Act (FMLA), and the ADA, except for a claim for failure to accommodate; (3) dismissed without prejudice all claims against the original individual defendants under the FMLA; and (4) found the claim for failure to accommodate under the ADA against Palolo sufficient to survive screening. The Court also granted Crabbe partial leave to amend. In doing so, the Court explained that, should Crabbe amend her Complaint, she must re-plead all claims and/or allegations with which she wished to proceed, as she could not incorporate any part of the original Complaint in her amended pleading.

On December 17, 2018, Crabbe filed a First Amended Complaint (FAC). Dkt. No. 12. Crabbe also filed a motion to reconsider appointment of counsel, Dkt. No. 11, as well as a "Motion to [c]onsider that attached exhibit 1 supporting my complaints by past attorney to EEOC. Awaiting EEOC records. Will amend FMLA claim when EEOC records and/or appointed counsel is granted. Choosing not to amend ADA claim," Dkt. No. 13 ("the motion to consider exhibit").

I.  **Screening of the FAC**

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A.  **The FAC**

In the FAC, Crabbe brings two claims: race discrimination under Title VII and age discrimination under the ADEA. Although Crabbe makes no factual allegations against any particular named defendant, Crabbe names Palolo and Darlene Nakayama as defendants.

As for Nakayama, as the Court explained in the November 14, 2018 Order, Crabbe cannot maintain a cause of action against an individual under Title VII or the ADEA. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-588 (9th Cir.

1993) (concluding that there is no individual liability under Title VII and the ADEA).

As a result, because the only claims raised in the FAC are brought under Title VII and the ADEA, Crabbe's claims against Nakayama are again DISMISSED WITH PREJUDICE because amendment cannot remedy the above-stated deficiency. Although the Court has already instructed Crabbe not to do so, for the final time, to the extent Crabbe files a second amended complaint, **she may not bring any claims against <u>any</u> individual under Title VII or the ADEA**.[2]

The Court now turns to the claims against Palolo, addressing each in turn.

### B. Title VII

Title VII prohibits refusing to hire or discharging any individual on the bases of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Here, Crabbe alleges a claim of race discrimination.

To set forth a prima facie case of race discrimination under Title VII, an employee must allege that (1) she is a member of a protected class, (2) she performed her job adequately, (3) she suffered an adverse employment action, and (4) she was treated differently than a similarly situated employee who was not a

---

[2] As the Court explained in the November 14, 2018 Order, the same is true for any claim under the ADA.

member of her protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

In the FAC, Crabbe alleges that she is Caucasian, which is a protected class. Crabbe next alleges that she performed her job adequately, citing an annual performance evaluation from May 2017. The performance evaluation states that Crabbe had an overall performance rating of "Exceeds Requirements." Therefore, she has alleged that she was adequately performing her job through May 2017.

Crabbe next alleges that she suffered adverse employment actions when her workload increased following a 41% increase in admissions. Arguably, this is an adverse employment action. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (stating that "assigning more, or more burdensome, work responsibilities, is an adverse employment action").[3]

As for the final element, Crabbe alleges that a person, Raquel Raneses, with the same position of "Social Service Coordinator," was provided a clerk to help with her workload on Fridays, while Crabbe was not provided with a clerk. Crabbe also alleges that two "MDS Coordinators" completed and signed off case

---

[3]Crabbe also alleges that she was assigned six new job duties at the time of her May 2017 performance evaluation. The Court notes that, although Crabbe cites to an exhibit attached to her FAC to identify the duties, it is not exactly clear how the addition of the duties to Crabbe's work would be considered an adverse employment action other than by increasing her workload. Thus, although Crabbe appears to set these matters out as two distinct adverse actions, the Court considers them as one for present purposes.

5

assignments for Raneses only, and refused to do the same for Crabbe. Crabbe, though, has failed to allege that Raneses is outside her protected Caucasian group. Although Crabbe alleged in the original Complaint that an unnamed co-worker was outside her protected group, no such allegation is made in the FAC about Raneses. In addition, Crabbe has not alleged that she was similarly situated to Raneses. Instead, she has merely alleged that she and Raneses held the same position. This, however, is insufficient. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (concluding that, although employees were of the "same level position," they were not similarly situated). Crabbe must allege that she was "similarly situated in all material respects" to Raneses.[4] *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Moreover, Crabbe has failed to otherwise allege facts that would establish a discriminatory intent in her being given an increased workload. Rather, the FAC alleges that Crabbe's workload increased following an increase in admissions.

As a result, Crabbe's claim of race discrimination is DISMIISSED WITHOUT PREJUDICE. Crabbe may file a second amended complaint that addresses the deficiencies described above in her race discrimination claim.

---

[4]Notably, in an exhibit attached to Crabbe's motion to consider exhibit, it states that a "second social service coordinator" was "untrained." If Raneses was untrained, she cannot be similarly situated to Crabbe unless Crabbe was also untrained, which Crabbe does not allege.

Should Crabbe allege that Palolo's discriminatory intent is shown by treating Raneses differently, Crabbe must allege facts that Raneses was not a member of Crabbe's protected class and Raneses was similarly situated to Crabbe. Failure to address the deficiencies in a second amended complaint may result in Crabbe's race discrimination claim under Title VII being dismissed with prejudice.

### C. ADEA

The ADEA prohibits an employer from discharging an individual or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of discriminatory discharge under the ADEA, Crabbe must allege (1) she was at least 40 years of age, (2) she was adequately performing her job, (3) she was discharged, and (4) she was replaced by a substantially younger employee with equal or inferior qualifications. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).[5]

Here, Crabbe alleges she was 62. Crabbe also alleges that she was terminated in May 2018. Thus, the first and third elements have been sufficiently

---

[5] The Court notes that *Diaz* also states that, in cases involving a reduction in force, the fourth element can be established by "circumstances otherwise giving rise to an inference of age discrimination." *Diaz*, 521 F.3d at 1207 & n.2. Here, Crabbe does not allege that her termination resulted from a reduction in force. Therefore, "[g]enerally," she must allege that she was replaced by a substantially younger employee. *See id.* at 1207 n.2.

alleged.[6] Crabbe further alleges that she was adequately performing her job, again citing to her May 2017 performance evaluation. The May 2017 performance evaluation, however, is a year before Crabbe's termination. It, thus, does not show that Crabbe was adequately performing her job at the time of her termination. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (stating that an employee had shown she was adequately performing her job prior to an alleged bomb threat that resulted in an adverse employment action); *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 753 (7th Cir. 2006) (explaining that, for purposes of adequate performance, "the critical inquiry is her performance at the time of her termination.") (alteration, emphasis, and quotation omitted). Because Crabbe does not otherwise allege she was adequately performing her job at the time of her termination, Crabbe has not alleged the second element.

As for the fourth element, Crabbe alleges that she was replaced by a younger employee in her 20's and the younger employee was not a licensed nurse or social worker. Crabbe does not allege, however, that she was a licensed nurse or social

---

[6]As the Court noted in the November 14, 2018 Order, Crabbe arguably alleged other adverse employment actions in her original Complaint. But because it was unclear whether Crabbe alleged those actions were the result of her age, the Court instructed Crabbe, to the extent she intended to allege adverse employment actions (other than her termination), to do so clearly in any amended complaint she may file. In the FAC, Crabbe only relies on her termination, and thus, the Court assumes that is the only adverse action upon which her ADEA claim is premised.

worker. Thus, it is not possible to tell whether the younger employee had equal or lesser qualifications than Crabbe.[7]

As a result, Crabbe's age discrimination claim is DISMISSED WITHOUT PREJUDICE. Crabbe may file an amended complaint that addresses the deficiencies described above in her age discrimination claim. Should she do so, she must allege whether she was adequately performing her job when she was terminated. Crabbe must also allege whether the younger employee who replaced her had equal or inferior qualifications compared to her.

### D. Limited Leave to Amend

To the extent set forth above, Crabbe may file a second amended complaint to cure the deficiencies that have been identified in this Order with respect to Crabbe's Title VII and ADEA claims against Palolo.

In light of other statements Crabbe has made in her most recent round of filings, the Court also provides Crabbe with further leave to amend her complaint as follows. In the motion to consider exhibit, Crabbe states that she will amend a claim under the FMLA when she has been provided with EEOC records and/or

---

[7]The Court notes that Crabbe also alleges that she received the personal information of an individual who she believes Palolo wanted her to think was her replacement. The Court does not construe this allegation as suggesting that the individual referenced is the actual person who replaced Crabbe, given that Crabbe alleges the person was "similar[ly] qualified" and "similar[ly] aged."

9

when she is appointed counsel.   It is not clear to what specific records Crabbe is referring, but, in any event, she may not do this because she has not alleged a FMLA claim in the FAC.   In other words, Crabbe cannot amend a claim that has not been alleged in the operative pleading, currently the FAC.   In the motion to consider exhibit, Crabbe also states that she chooses not to amend a claim under the ADA.   It is not clear whether Crabbe is attempting to pursue an ADA claim, but, presuming that she is, she, again, cannot currently do this because such a claim has not been alleged in the FAC.   In order for Crabbe to pursue an ADA claim, at the very least, it must be alleged in the operative complaint.   Therefore, although the Court believes it was more than clear in the November 14, 2018 Order, because Crabbe may have misunderstood the import of the Court's rulings in that Order, the Court will allow her leave to re-allege any claim under the FMLA and the ADA that she may wish to allege in a second amended complaint, consistent with the guidance offered by the Court.

As the Court instructed Crabbe in the November 14, 2018 Order, she cannot incorporate any part of the original Complaint or the FAC in any second amended complaint she may file.   Instead, she must re-type or re-write every claim she wishes to bring and every allegation she wishes to make in any second amended complaint.   This includes any claims under the FMLA and the ADA.   Simply put,

Crabbe cannot combine the allegations in the prior versions of her complaint and expect all of those versions to be reviewed as one. There can be only one operative complaint in this case, and it is from that pleading that all of Crabbe's claims must flow. In addition, Crabbe cannot wait to allege a claim while she waits for records and/or rulings from this Court. Instead, she must allege all claims in one complaint. To the extent any claim needs to be amended down the road in light of records that have become available, Crabbe may follow the proper procedural mechanisms in an attempt to do so.

Crabbe is forewarned again that, to the extent any claims are not re-alleged in a second amended complaint, they may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled). **So it is clear, should Crabbe not allege a claim under the FMLA, the ADA, or any other applicable statute in the second amended complaint, she will not be allowed to proceed with any such claim later in this litigation.**

## II.     Motion to Reconsider Appointment of Counsel

Crabbe has also moved for reconsideration of the Court's decision to deny appointment of counsel.[8] Although Crabbe has now shown sufficient effort in attempting to secure counsel on her behalf, her motion for reconsideration is denied because, at this juncture, the Court finds that there is insufficient merit to her claims to justify seeking appointed counsel in this civil case. At present, all claims in the FAC have been dismissed. Moreover, even if this case was allowed to proceed beyond screening, the Court is not currently persuaded that counsel is necessary or warranted.[9]

---

[8]Courts generally consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-417 (9th Cir. 1994). A plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson*, 27 F.3d at 416.

[9]The Court also notes its concern in the November 14, 2018 Order that Crabbe's allegations in the original Complaint appeared to contradict the Charge of Discrimination.

## III. Conclusion

The First Amended Complaint, Dkt. No. 12, is DISMISSED WITH PREJUDICE with respect to all claims against Darlene Nakayama.

The First Amended Complaint, Dkt. No. 12, is DISMISSED WITHOUT PREJUDICE with respect to the claims alleged against Palolo Chinese Home.

The motion to reconsider appointment of counsel, Dkt. No. 11, is DENIED. The motion to consider attached exhibit, Dkt. No. 13, is GRANTED.

Crabbe may have until **February 8, 2019** to file a second amended complaint to the extent allowed herein. **The Court cautions Crabbe that failure to file a second amended complaint by February 8, 2019 may result in the automatic dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated: January 8, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

*Gail Lynn Crabbe v. Darlene Nakayama, et al.;* Civil No. 18-00418 DKW-KJM; **ORDER (1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; (2) DENYING MOTION TO RECONSIDER APPOINTMENT OF COUNSEL; AND (3) GRANTING MOTION TO CONSIDER ATTACHED EXHIBIT**

13