IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GAIL LYNN CRABBE,<br><br>Plaintiff,<br><br>v.<br><br>PALOLO CHINESE HOME,<br><br>Defendant. | Case No. 18-cv-00418-DKW-KJM<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND DIRECTING SERVICE OF THE SECOND AMENDED COMPLAINT** |

On January 8, 2019, this Court entered an Order dismissing Plaintiff Gail Lynn Crabbe's First Amended Complaint with leave to amend. Dkt. No. 17.[1]

On February 8, 2019, Crabbe, still proceeding pro se, filed a Second Amended Complaint (SAC) against Palolo Chinese Home (Palolo). Dkt. No. 18. Therein, Crabbe alleged the following claims: (1) interference with her rights under the Family and Medical Leave Act (FMLA); (2) retaliation in violation of the FMLA; (3) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (4) failure to provide reasonable accommodation in violation of the Americans with Disabilities Act (ADA); and, arguably, (5) retaliation in violation of either or both Title VII and the ADA.

---

[1] For a full recitation of the procedural history of this case, and the Court's screening of the various claims that could be construed from Crabbe's complaints, *see* the Court's Orders entered on November 14, 2018, Dkt. No. 10, and January 8, 2019.

**I.    Screening**

Having reviewed the Court's prior Orders in this case, the SAC, and pertinent case and statutory law, the Court finds that Crabbe's First, Third, and Fourth Claims may proceed so that Palolo can be served.  To be clear, this means, respectively, Crabbe's claims for interference with her rights under the FMLA, racial discrimination in violation of Title VII, and failure to provide reasonable accommodation in violation of the ADA.

Crabbe's Second Claim and, to the extent the SAC can be construed as alleging the Fifth Claim described above, are dismissed without further leave to amend for the following reasons.  The Second Claim relies on the anti-retaliation provision of the FMLA.  As the Court explained in its November 14, 2018 Order, however, allegations concerning "negative consequences" for an employee using FMLA leave are covered by the anti-interference provision of the FMLA, not the anti-retaliation provision.  Dkt. No. 10 at 16-17 (citing *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001)).  All of the allegations following Crabbe's invocation of the anti-retaliation provision in the SAC concern negative consequences after she took FMLA leave.  Notably, the SAC describes the alleged facts as adverse employment actions Crabbe suffered "from the time I returned to work in April 2017."  SAC at 5.  As interpreted by the Ninth Circuit,

these facts fall squarely within the reach of the anti-interference provision of the FMLA. *See id*. As a result, although the Court dismisses without leave to amend Crabbe's claim under the FMLA's anti-retaliation provision because proceeding with it would be futile, the Court will allow the underlying factual allegations to be used in support of her anti-interference claim.

As for the potential Fifth Claim, in the final paragraph of the SAC, Crabbe states that she filed a complaint with the Equal Employment Opportunity Commission (EEOC) in August 2017 and, a month earlier, she revealed that she had an anxiety condition needing accommodation. SAC at 11. Crabbe then states that she "believe[s] this" was related to her firing a year later. *Id*. Although the Court liberally construes Crabbe's pro se pleading, it is far from clear whether this final paragraph is intended to be a claim. It is certainly not designated as such like the other claims Crabbe asserts in the SAC. In addition, it does not appear related to the preceding failure-to-accommodate claim.

In any event, to the extent it is meant to be a standalone claim, it is dismissed. At best, it appears as if Crabbe is attempting to allude to some form of retaliation claim(s) under Title VII (with respect to her EEOC complaint) and/or the ADA (with respect to her needing an accommodation for her anxiety condition). However, such claims require a causal connection between protected

activity and an adverse action. *Nilsson v. City of Mesa*, 503 F.3d 947, 954 (9th Cir. 2007) (involving Title VII retaliation); *Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003) (involving ADA retaliation). Here, other than her speculative belief that the two may be related, even though apparently occurring a year apart, Crabbe provides no factual allegations that would plausibly suggest a connection between her EEOC complaint or her need for an anxiety-related accommodation and her termination. As a result, any retaliation claim under Title VII or the ADA is subject to dismissal.

Additionally, the Court declines to allow Crabbe further leave to amend any such claim(s). In the November 14, 2018 Order, the Court stated that, if Crabbe wanted to allege any further claims under the ADA, she must do so clearly in any amended complaint. In the FAC, Crabbe did not allege any further claims under the ADA. *See generally* Dkt. No. 12. She also did not allege a claim for retaliation under Title VII. *Id.* Accordingly, in the January 8, 2019 Order, in allowing Crabbe leave to amend, the Court did not allow leave to add a retaliation claim under Title VII. Dkt. No. 17 at 6-7 (allowing leave to amend Crabbe's race discrimination claim under Title VII). Moreover, while the Court allowed Crabbe leave to allege any claim under the ADA she wished to allege, *see id*. at 10, as discussed above, Crabbe's passing mention to what she may believe are related

4

events does not allege a retaliation claim. Therefore, given that Crabbe has had more than enough opportunities to allege a claim of this type and/or has not been provided leave to add such a claim, the Court declines to provide her further leave to amend.

## II. Service

Because Crabbe has been granted leave to proceed *in forma pauperis*, and because certain of her claims as identified above may proceed, the Court finds that service of the Summons and SAC is appropriate. To facilitate service, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Second Amended Complaint, Dkt. No. 18; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal. Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Second Amended Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of

Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

2. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to Palolo Chinese Home: a copy of the Second Amended Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

3. The U.S. Marshal shall retain the summons and a copy of the Second Amended Complaint. The U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

4. If Palolo does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve Palolo pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b.      Within ten days after personal service is effected, file the return of service for Palolo, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on Palolo. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Second Amended Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

5. Crabbe is cautioned that if she fails to comply with this Order and her non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

6. After service of the Second Amended Complaint, Crabbe must serve on Palolo or its attorneys a copy of all further documents submitted to the Court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. Crabbe shall include, with any

original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was served on Palolo or its counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

7. Until the Second Amended Complaint is served and Palolo or its attorney(s) file a notice of appearance, Crabbe should not file motions or other documents with the Court. Crabbe is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

## III. Conclusion

The Second Amended Complaint, Dkt. No. 18, is DISMISSED WITHOUT LEAVE TO AMEND with respect to Crabbe's claim under the anti-retaliation provision of the FMLA and any retaliation claim under Title VII and/or the ADA that can arguably be construed in the SAC.

In all other respects, to the extent set forth herein, this case may proceed with service of the defendant Palolo Chinese Home. Service shall take place in accordance with the terms of this Order.

IT IS SO ORDERED.

Dated: February 25, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Gail Lynn Crabbe v. Palolo Chinese Home*; Civil No. 18-00418 DKW-KJM; **ORDER DISMISSING CERTAIN CLAIMS AND DIRECTING SERVICE OF THE SECOND AMENDED COMPLAINT**